## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHANIE GIBBONS, individually** | : | |
| **and on behalf of her minor children,** | : | |
| **GRACE GIBBONS and EMMA** | : | |
| **GIBBONS,** | : | **CIVIL ACTION** |
| *Plaintiffs,* | : | |
| | : | |
| **v.** | : | **No. 20-3381** |
| | : | |
| **MID-CENTURY INSURANCE** | : | |
| **COMPANY,** | : | |
| *Defendant.* | : | |

## MEMORANDUM

Before the Court is Plaintiffs' Motion to Remand (ECF No. 6) and

Defendant's Response in Opposition (ECF No. 9).

### I.   BACKGROUND

This case originates out of a motor vehicle accident, where Thomas

Gibbons, Jr. was struck and killed by a motorist while he and his wife, Plaintiff

Stephanie Gibbons, and their two minor children, minor Plaintiffs, were crossing

the street.[1]  ECF No. 1-2 at ¶ 7; ECF No. 6-1 at 1.  Plaintiff Stephanie Gibbons was

also struck and injured in the accident.  ECF No. 1-2 at ¶ 8. Both Stephanie

Gibbons and her minor children witnessed Thomas Gibbons, her husband and their

---

[1] These facts are based on allegations in the Complaint.  ECF No. 1-2.

father, being struck and killed, as they were walking several feet behind him.  *Id*. at ¶¶ 8-9.

Plaintiffs filed this declaratory judgment action in the Court of Common Pleas of Montgomery County.  ECF No. 1-2.  Plaintiffs allege in the Complaint that, at the time of the accident, Thomas and Stephanie Gibbons maintained an automobile liability policy with Defendant Mid-Century Insurance, which provided for stacked underinsured motorist ("UIM") coverage of $500,000.00 per person and $1,000,000.00 per incident.  *Id*. at ¶¶ 12-13; ECF No. 6-1 at 1.  Plaintiffs allege that Defendant paid $500,000 in UIM benefits to the estate but denied coverage for damages sustained by Plaintiffs for their claim for negligent infliction of emotional distress after witnessing Thomas Gibbon's death.  ECF No. 1-2 at ¶ 13.

The relevant insurance policy states:

> As with non-stacked limits, the limit of liability for each person is the **maximum we will pay for bodily injury sustained by any one person in any one accident, including all claims of others derived from such bodily injury**, **which include**, but are not limited to, **emotional injury or mental anguish resulting** from the bodily injury of another or **from witnessing the bodily injury to another,** loss of consortium, loss of services, loss of companionship, or injury to any personal relationship.  Bodily injury to any one person includes all injury and damages to others resulting from this bodily injury.
> *Id*. at ¶ 14 (emphasis added).

Plaintiffs request a determination that this policy obligates Defendant to provide coverage for the emotional distress sustained by Plaintiffs arising out of this incident.  *Id*. at ¶ 16.  Plaintiffs contend that the policy language is invalid

because (1) the language seeking to limit coverage to Plaintiffs as a derivative claim is inherently vague and directly in conflict with the insuring agreement, and (2) that the policy language seeks to make independent claims derivative claims in order to deny coverage, in violation of the terms of the Pennsylvania Motor Vehicle Insurance statute and public policy.  *Id*. at ¶ 17.

Defendant removed this declaratory judgment action to the United States District Court for the Eastern District of Pennsylvania based on diversity jurisdiction.  ECF No. 1.  Plaintiffs filed a motion to remand the instant case to the Court of Common Pleas of Montgomery County, contending that the Court should decline to entertain this declaratory judgment action because the issue between the parties is an unsettled issue of state law and best determined by Pennsylvania courts.  ECF No. 6 at 2, 3.

## II.   APPLICABLE LAW

Plaintiffs seek a declaratory judgment, a remedy which is available to federal courts by the Declaratory Judgment Act ("DJA").[2]  *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281 (3d Cir. 2017).  The DJA is not a "jurisdictional grant," and the court must have an independent basis for exercising

---

[2] Although Plaintiffs requested relief under the Pennsylvania Declaratory Judgments Act, 42 Pa.C.S. § 7531, in the removed declaratory judgment action, the DJA, and not the state declaratory judgment law, governs.  *Kelly*, 868 F.3d at 281.

3

jurisdiction. *Id.* (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).

The Declaratory Judgment Act states that courts "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). "The Supreme Court has long held that this confers discretionary, rather than compulsory, jurisdiction upon federal courts." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942)).

In determining whether to entertain a declaratory judgment action, courts must "weigh certain enumerated and other factors 'bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for [federal] resolution.'" *Kelly*, 868 F.3d at 282 (3d Cir. 2017) (alteration in original) (quoting *Reifer*, 751 F.3d at 138). "Courts should first determine whether there is a 'parallel state proceeding.'" *Id.* (quoting *Reifer*, 751 F.3d at 143, 146) "[T]he existence or non-existence of pending parallel state proceedings is but one factor for a district court to consider." *Reifer*, 751 F.3d at 144. However, "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it does not require such an exercise." *Id.* "[D]istrict courts declining

jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors." *Id*.

Therefore, in determining whether to exercise its discretion in entertaining a declaratory judgment, the Court must also consider a number of general factors, including:

"(1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

(2) the convenience of the parties;

(3) the public interest in settlement of the uncertainty of obligation; and

(4) the availability and relative convenience of other remedies."

*Reifer*, 751 F.3d at 140.

Furthermore, because this declaratory action is "in the insurance context," the Third Circuit has provided additional "'suggested relevant considerations' for whether a court must decline jurisdiction under the DJA," including:

"(1) A general policy of restraint when the same issues are pending in a state court;

(2) An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;

(3) Avoidance of duplicative litigation."

*Id*. at 140 (quoting *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000), as amended (Jan. 30, 2001)).  "The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum."  *Summy*, 234 F.3d at 136.

Finally, the Third Circuit also places importance on whether the declaratory judgment action involves unsettled questions of state law.  *Id*. at 135.  "[I]t is counterproductive for a district court to entertain jurisdiction over a declaratory judgment action that implicates unsettled questions of state law, questions which might otherwise be candidates for certification to the state's highest court."  *Id*.  "In order to maintain the proper relationship between federal and state courts, it is important that district courts 'step back' and allow the state courts the opportunity to resolve unsettled state law matters."  *Id*. at 136.

Neither party disputes that the Court has diversity jurisdiction over this action.  *See generally* ECF No 6-1; ECF No. 9-1 at 3-5.  The relevant consideration is whether this Court should exercise its discretion under the DJA and abstain from entertaining this declaratory judgment action.  *Kelly*, 868 F.3d at 281–82; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the [DJA], even when the suit otherwise satisfies subject matter jurisdictional prerequisites.").

6

III.   **PARTIES' ARGUMENTS**

Plaintiffs contend that Defendant denied coverage based on policy language stating that Stephanie Gibbons and her children's claims for negligent infliction of emotional distress are derivative claims for the purposes of coverage, and therefore subject to the first $500,000 of UIM coverage.  ECF No. 6-1 at 3.  The relevant policy states that "the limit of liability for each person is the maximum we will pay for bodily injury sustained by any one person in any one accident, including all claims of others derived from such bodily injury, which include, but are not limited to, emotional injury or mental anguish resulting . . . from witnessing the bodily injury to another."  ECF No. 1-2 at 8-9.

Plaintiffs contend that this violates Pennsylvania law because the Pennsylvania Superior Court has unequivocally held that a claim for emotional distress is a separate cause of action, not derivative of the injured person's right to recover for his injuries.  ECF No. 6-1 at 3 (quoting *Anthem Casualty Ins. Co. v. Miller*, 729 A.2d 1227 (Pa. Super. 1999) ("[T]he father's claim for emotional distress is a separate cause of action; it is not derivative of the son's right to recover for his injuries.")).  Because this issue has not been decided by the Pennsylvania Supreme Court and because it is based exclusively on Pennsylvania state law, Plaintiffs move the Court to remand this matter to the Court of Common Pleas of Montgomery County.  ECF No. 6-1 at 3.

Defendant responds that the Court should entertain this declaratory action because there is no parallel pending state court proceeding and the remaining factors do not outweigh this consideration. ECF No. 9-1 at 8. Defendant contends that a declaration by this Court will resolve the uncertainty of Defendant's obligations to Plaintiffs, the convenience of the parties weighs in favor of the Court's jurisdiction because Defendant is a citizen of California, and the Complaint does not involve an unsettled question of state law or implicate an important public policy issue. *Id*. at 9. Defendant states that the "particular question to be answered in this case is whether Plaintiff's alleged injuries meet the definition of bodily injury in the Policy and whether the 'per person' policy limit is applicable." *Id*. Defendant contends that the Pennsylvania Supreme Court has made clear that the interpretation of an automobile policy is subject to the general principles of contract interpretation and that federal courts routinely resolve issues of state law relating to insurance. *Id*. at 9. Therefore, Defendant contends that Plaintiffs' Complaint presents "no unique questions of law." *Id*. Finally, Defendant contends that the fourth through eighth factors identified in *Reifer* are inapplicable to this matter. *Id*. at 10.

As to Plaintiffs' contention that this issue of state law should be decided by the Pennsylvania Supreme Court, Defendant contends that Pennsylvania courts "have uniformly applied general principles of contract interpretation to determine

if and to what extent mental and emotional injuries are covered under the specific language of an automobile policy." *Id*. at 11. Defendant further contends that "multiple Pennsylvania district courts have already undertaken the task of interpreting the term 'bodily injury' in an insurance contract applying Pennsylvania law." *Id*. Therefore, Defendant concludes, the "relevant state law is well settled, and this Court is perfectly capable of applying it." *Id*.

## IV. **DISCUSSION**

First, as Defendant removed this matter from the Court of Common Pleas of Montgomery County, there is currently no parallel pending state proceedings. Therefore, the Court must determine whether the lack of pending parallel state proceedings is outweighed by the nature of the state law issue raised by Plaintiffs.[3] *See Reifer*, 751 F.3d at 148. Specifically, the Court must decide whether Plaintiffs have presented an issue of state law that is uncertain or undetermined. *Id*.

---

[3] As Defendant concedes, *Reifer* factors four through eight are inapplicable to this matter. ECF No. 9-1 at 10. Additionally, the first three *Reifer* factors do not strongly weigh in favor of or against the Court entertaining this matter. Though this Court's decision would resolve the uncertainty of obligation which gave rise to the controversy, a state court decision would likewise resolve the issue, and therefore this factor is neutral. Second, the convenience of the parties is neutral, as there is no inconvenience to either side in litigating in state court. Additionally, Defendant fails to explain why it being a citizen of California alone makes federal court more *convenient* for the parties, as it concedes that "the federal courthouse is less than 20 miles from the Montgomery County Court of Common Pleas." *Id*. at 9. Finally, as to the third factor, there is no real public interest in a federal court settling an issue of state law. Therefore, as the *Reifer* factors are largely neutral, the remaining consideration is whether the state law issues presented by Plaintiff are uncertain or undetermined.

Here, the issue the Court would need to determine is whether Pennsylvania law or public policy precludes an insurance policy from defining emotional distress injuries suffered by a bystander witnessing the death of a close relation as derivative of the injury sustained by the relation.

In *Brooks v. Decker*, a father did not witness his son's accident but arrived shortly after and observed his son's injuries before his son was taken to the hospital. 343 Pa. Super. 497 (1986). The Superior Court of Pennsylvania noted that the "father's claim for emotional distress is a separate cause of action; it is not derivative of the son's right to recover for his injuries." *Id*. at 500.

In *Anthem Cas. Ins. Co. v. Miller*, the Superior Court of Pennsylvania, noting *Brooks v. Decker*, concluded that "a claim for negligent infliction of emotional distress does not arise from the injuries sustained by the victim, but rather it arises from the witnessing of the accident." 729 A.2d 1227, 1228 (1999).

Additionally, in *Lipsky v. State Farm Mut. Ins. Co.*, the Superior Court of Pennsylvania stated, in a non-precedential decision, "[i]t is settled that emotional distress injuries suffered by a bystander witnessing the death of a close relation represents an original injury not derivative of or resulting from the injury sustained by the relation." 2011 WL 11745706, at *6 (Pa. Super. Ct. Sept. 1, 2011). However, the court concluded that *Anthem* "stops short of necessarily precluding insurance policies from circumventing its holding" that injuries suffered by a

10

bystander witnessing the death of a close relation represents an original injury and not a derivative injury.  *Id.* (citing *Anthem*, 729 A.2d 1227).  Further, the court in *Lipsky* did not opine on this issue, because, in that case, the relevant insurance policy did not "distinguish[] itself from the commonly accepted understanding in common law that bystander [negligent infliction of emotional distress] injuries are original and do not result from a close relation's impact injuries."  *Id.* at *7.

Thus, neither the court in *Lipsky* nor *Anthem* answered the question of whether an insurance policy may include policy language providing that, for purposes of coverage, a bystander's negligent infliction of emotional distress claim is an injury resulting from the accident victim's bodily injuries and therefore comes under the victim's "each person" liability limit.

In response, Defendant attempts to frame the issue as "whether Plaintiffs' alleged injuries meet the definition of bodily injury in the Policy and whether the 'per person' policy limit is applicable."  ECF No 9-1 at 9.  Defendant states that this issue is not unique because the Pennsylvania Supreme Court has made clear that interpretation of an automobile contract is subject to the general principles of contract interpretation.  *Id.*

Although the Pennsylvania Supreme Court has stated that "an insurance policy is nothing more than a contract between an insurer and an insured," it also held, "[i]mportantly, however, provisions of insurance contracts are invalid and

unenforceable if they conflict with statutory mandates because contracts cannot alter existing laws." *Gallagher v. GEICO Indem. Co.*, 201 A.3d 131, 137 (2019).

Furthermore, Defendant fails to cite a single case addressing the relevant issue of whether Pennsylvania law or public policy precludes an insurance policy from defining, for coverage purposes, a bystander's emotional distress claim from witnessing the death of a close relation as derivative of the injury sustained by the relation, instead of as a separate cause of action. The cases cited by Defendant relate to whether emotional injuries are covered under different insurance contract definitions of "bodily injury" and whether a claim for loss of consortium is considered a separate cause of action under Pennsylvania law. ECF No. 9-1 at 11. These cases have no direct bearing on the issue presented by Plaintiffs. Therefore, Defendant has failed to support its claim that the "relevant state law is well settled" regarding the specific question presented by Plaintiffs. *Id*. at 10.

"Where state law is uncertain or undetermined, the proper relationship between federal and state courts requires district courts to 'step back' and be 'particularly reluctant' to exercise DJA jurisdiction." *Reifer*, 751 F.3d at 148 (quoting *Summy*, 234 F.3d at 135). Furthermore, "[t]he fact that district courts are limited to predicting—rather than establishing—state law requires 'serious consideration' and is 'especially important in insurance coverage cases.'" *Id*. (quoting *Summy*, 234 F.3d at 135).

Because Pennsylvania courts have not reached a well-settled conclusion on whether insurance policies are precluded from defining emotional distress injuries suffered by a bystander witnessing the death of a close relation as derivative of the injury sustained by the relation, Plaintiffs have raised unsettled issues of state law "peculiarly within the purview of the Pennsylvania court system which are better decided by that system." *Reifer*, 751 F.3d at 137. Additionally, the other *Reifer* factors pose no impediment to remanding this case to state court. *See supra* n. 3. Therefore, this Court finds that the unsettled issues of state law presented by Plaintiffs outweigh the absence of parallel pending state proceedings. The Court exercises its discretion under the DJA by abstaining from entertaining this declaratory judgment action and grants Plaintiffs' Motion to Remand.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, the Court grants Plaintiffs' Motion to Remand. An appropriate order will follow.

**DATED: <u>September 24, 2020</u>**

**BY THE COURT:**

**/s/ Chad F. Kenney**

_____

**CHAD F. KENNEY, JUDGE**